FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 24 2011

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DONITA HUDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 4·11-CV-0769 SWW ) This case assigned to District Judge Wright |
| LVNV FUNDING, LLC., | ) and to Magistrate Judge Young ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DONITA HUDSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, LVNV FUNDING, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DONITA HUDSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Benton, County of Saline, State of Arkansas.

5. The debt that Plaintiff was originally allegedly obligated to pay was a debt allegedly owed by Plaintiff to Credit One.

1

6. The debt that Plaintiff originally allegedly owed Credit One was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, the debt Plaintiff allegedly owed Credit One was purchased, acquired and/or otherwise obtained by LVNV Funding LLC.

8. At the time LVNV Funding LLC purchased, acquired and/or otherwise obtained the debt Plaintiff allegedly owed Capital One, the debt was in default.

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

10. LVNV FUNDING, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a limited liability company in the State of Arkansas.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

16. Prior to April 2011, Plaintiff had defaulted on making payments towards a debt she allegedly owed to Credit One.

17. In April 2011, Plaintiff retained an attorney to represent her with respect to the debt she allegedly owed to Credit One.

18. In April 2011, Plaintiff's counsel sent correspondence to Credit One.

19. Upon information and belief, Credit One received the aforesaid correspondence.

20. In the aforesaid correspondence, Plaintiff's counsel provided Credit One with its contact information.

21. In the aforesaid correspondence, Plaintiff's counsel informed Credit One that it represented Plaintiff with respect to the debt she allegedly owed to Credit One.

22. In the aforesaid correspondence, Plaintiff's counsel informed Credit One that all future contact and correspondence relative to Plaintiff and/or the debt she allegedly owed was to be directed to Plaintiff's counsel.

23. Credit One was cognizant that Plaintiff was represented by counsel with respect to the debt she allegedly owed to Credit One.

24. Upon information and belief, subsequent to Credit One having been provided the aforesaid information relative to Plaintiff's counsel's representation of Plaintiff with respect to the debt she allegedly owed Credit One, Defendant purchased, acquired and/or otherwise obtained the debt Plaintiff allegedly owed to Credit One.

25. Upon information and belief, Credit One provided Defendant with Plaintiff's counsel's contact information.

26. Upon information and belief, Credit One provided Defendant with information that Plaintiff was represented by counsel with respect to the debt she allegedly owed to Credit One.

27. Upon information and belief, Credit One provided Defendant with information that all future contact and correspondence relative to Plaintiff and/or the debt she allegedly owed to Credit One was to be directed to Plaintiff's counsel.

28. Upon information and belief, Defendant was cognizant that Plaintiff was represented by counsel with respect to the debt she originally owed to Credit One.

29. Upon information and belief, in or around June 2011, Defendant sent, assigned and/or transferred the debt Plaintiff originally owed to Credit One to a third-party, Leading Edge Recovery Solutions, for collections.

30. At the time Defendant sent the debt to Leading Edge Recovery Solutions, upon information and belief, Defendant did not inform Leading Edge Recovery Solutions that Plaintiff was represented by counsel with respect to the aforesaid debt.

31. At the time Defendant sent the debt to Leading Edge Recovery Solutions, upon information and belief, Defendant did not provide Leading Edge Recovery Solutions with Plaintiff's counsel's contact information.

32. On or about June 27, 2011, Leading Edge Recovery Solutions sent a correspondence to Plaintiff in an attempt to collect the aforesaid debt.

33. On or about July 28, 2011, Plaintiff engaged in a telephone conversation with a duly authorized representative of Leading Edge Recovery Solutions.

34. During the course of the aforesaid telephone conversation, Plaintiff informed Leading Edge Recovery Solutions that she was represented by an attorney with respect to the debt on which it was attempting to collect.

35. During the course of the aforesaid telephone conversation, Plaintiff informed Leading Edge Recovery Solutions that she wanted all communications relative to the debt on which Leading Edge Recovery Solutions was attempting to collect to be directed to her attorney.

36. On or about August 19, 2011, Plaintiff sent a correspondence to Leading Edge Recovery Solutions.

37. Upon information and belief, Leading Edge Recovery Solutions received the aforesaid correspondence.

38. In the aforesaid correspondence, Plaintiff, again, stated that she was represented by counsel with respect to the foresaid debt.

39. In the aforesaid correspondence, Plaintiff provided the name and contact information for her attorney.

40. In the aforesaid correspondence, Plaintiff stated that all communications relative to the aforesaid debt should be directed to her attorney.

41. Upon information and belief, subsequent to Leading Edge Recovery Solutions having received the aforesaid correspondence from Plaintiff, Leading Edge Recovery Solutions sent the aforesaid debt back to Defendant.

42. Upon information and belief, upon sending the aforesaid debt back to Defendant, Leading Edge Recovery Solutions informed Defendant that Plaintiff was represented by an attorney with respect to the debt.

43. Upon information and belief, upon sending the aforesaid debt back to Defendant, Leading Edge Recovery Solutions provided Defendant with Plaintiff's counsel's contact information.

44. Upon information and belief, upon sending the aforesaid debt back to Defendant, Leading Edge Recovery Solutions informed Defendant that Plaintiff requested that all future communications relative to the aforesaid debt be directed to her counsel.

45. Subsequent to Leading Edge Recovery Solutions having sent the aforesaid debt back to Defendant, upon information and belief, Defendant was again apprised that Plaintiff was represented by counsel with respect to the debt she allegedly owed to Credit One.

46. Upon information and belief, in August 2011, Defendant sent, assigned and/or transferred the debt Plaintiff originally owed to Credit One to a third-party, Boudreau and Associates, for collections.

47. At the time Defendant sent the debt to Boudreau and Associates, upon information and belief, Defendant did not inform Boudreau and Associates that Plaintiff was represented by counsel with respect to the aforesaid debt.

48. At the time Defendant sent the debt to Boudreau and Associates, upon information and belief, Defendant did not provide Boudreau and Associates with Plaintiff's counsel's contact information.

49. On or about August 31, 2011, Boudreau and Associates initiated a telephone call to Plaintiff in an attempt to collect the aforesaid debt.

50. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

51. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

52. Plaintiff's counsel did not consent to third-parties having direct communication with Plaintiff.

53. Defendant's conduct in sending, assigning and/or transferring the debt on which it was attempting to collect from Plaintiff to third-parties without informing them that Plaintiff was represented by counsel, as delineated above, was false, deceptive and/or misleading.

54. Defendant's conduct in sending, assigning and/or transferring the debt on which it was attempting to collect from Plaintiff to third-parties without informing them that Plaintiff was represented by counsel, as delineated above, was unfair and unconscionable.

55. In its attempts to collect the debt originally allegedly owed by Plaintiff to Credit One Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

  c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

  d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

56. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

57. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DONITA HUDSON, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**DONITA HUDSON**

By: _[signature]_
Attorney for Plaintiff

Dated: October 21, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us